```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,            :
                                              ORDER
        -v.-                         :
                                          17 Cr. 240 (LGS)
DIANA CABANA RUBENSTEIN,             :

                Defendant.           :

- - - - - - - - - - - - - - - - - - - - - x
```

WHEREAS the parties have jointly submitted an application, through a letter dated January 13, 2021 from Assistant United States Attorney David Raymond Lewis ("the Request"), requesting that the sentencing proceeding in this case be allowed to go forward remotely, either by videoconference or telephone; and

WHEREAS, for the reasons set forth in the Request, the Court finds that significant further delay of Defendant's sentencing proceeding could cause "serious harm to the interests of justice," and

WHEREAS, the Court accordingly finds that the Court is warranted in conducting the sentencing proceeding via videoconference or telephone under Section 15002(b)(2)(A) of the CARES Act, Pub. L. No. 116-136 (2020); and

WHEREAS, the Defendant consents to having the sentencing proceeding conducted remotely; and

WHEREAS, the CARES Act's provision for conducting sentencing proceedings remotely when necessary reflects

Congress's understanding that criminal proceedings must not be delayed indefinitely.  *See United States v. Cohen*, No. 19 Cr. 741, 2020 WL 2539115, at *3 (S.D.N.Y. May 19, 2020) ("[T]he CARES Act recognizes the importance of judicial proceedings moving forward in a time of great uncertainty.").  Defendant and the public both have a strong interest in cases being brought to a speedy resolution, reflected in the Speedy Trial Act and the Sixth Amendment.  *See United States v. Bert*, 814 F.3d 70, 83 (2d Cir. 2016) ("There is a societal interest in providing a speedy trial which exists separate from, and at times in opposition to, the interests of the accused." (internal quotation marks and citation omitted)).  And, on January 5, 2021, Chief Judge Colleen McMahon entered a First Amended Standing Order extending provision for sentencing proceedings to be conducted remotely under appropriate circumstances.  *In re: Coronavirus/COVID-19 Pandemic*, M-10-468 (CM), (S.D.N.Y. Jan. 5, 2021). And

   WHEREAS, The Court concludes that the uncertainty and deferral of punishment that would result from continual delay of the sentencing proceeding in this matter constitute serious harms to the interests of justice.  *See Cohen*, 2020 WL 2539115, at *2. Accordingly,

   THE COURT HOLDS that the standard set out in Section 15002(b)(2)(A) of the CARES Act is met, and the Court may lawfully conduct a sentencing proceeding by videoconference or

telephone, if Defendant consents on the record to doing so.  It is therefore

    ORDERED that the sentencing proceeding in this case, currently scheduled for February 4, 2021 at 11:00 a.m., shall be conducted remotely, by videoconference or telephone.

Dated:    New York, New York
           January 21, 2021

                              **LORNA G. SCHOFIELD**
                              **UNITED STATES DISTRICT JUDGE**