

## MOSKOWITZ & BOOK, LLP

Avraham C. Moskowitz  
AMoskowitz@mb-llp.com

345 Seventh Avenue, 21st Floor  
New York, NY 10001  
Phone: (212) 221-7999  
Fax: (212) 398-8835

March 25, 2021

**VIA ECF**  
Hon. Lorna G. Schofield  
United States District Judge  
Southern District of New York  
40 Foley Square  
New York, NY 10007

*Application Granted. The Clerk of the Court is directed to terminate the letter motion at docket number 49.*

*Dated: March 30, 2021*
*New York, New York*

*LORNA G. SCHOFIELD*
*UNITED STATES DISTRICT JUDGE*

   Re: <u>United States v. Diana Cabana Rubenstein</u>  
      17 Cr. 240 (LGS)

Dear Judge Schofield:

  This letter is respectfully submitted on behalf of Diana Rubenstein ("Diana"), who was sentenced by Your Honor in February, to request that the Court modify the terms of her supervised release to dispense with the standard condition which requires her to work at least 30 hours a week.

  As Your Honor may recall, on February 4, 2021, the Court sentenced Diana to time-served and one year of supervised release following her plea of guilty to conspiracy to commit wire fraud and health care fraud.

  Prior to her sentencing, Diana was working for a start-up company in which her brother in-law was a partner. Around the time of her sentencing, the partners had a disagreement, Diana's brother in-law was bought out and Diana was laid off. Subsequently, Diana's brother in-law opened his own company and asked Diana to work for him on a part-time and sporadic basis. In the last few months, Diana has been making slightly more than $300 a week as an independent consultant on a 1099 basis. Although her compensation is relatively low, the job provides her with flexible hours that allow her to be home for her four young children, three of whom go to school and the youngest of whom remains at home.

  Recently, Diana's Probation Officer informed her that her current employment situation does not satisfy Standard Condition number 7 of her supervised release, which requires that she "work full time (at least thirty hours a week) at a lawful type of employment, unless the probation officer excuses you from doing so." The Probation Officer further told Diana that she

Hon. Lorna G. Schofield
March 25, 2021
Page 2

must petition the Court to modify the terms of her supervised release by April 21, or she would find her in violation of the terms of her supervised release. Because her husband works in New York and is only home on weekends and because of her childrens' school schedule and the needs of her youngest child, it would be difficult, if not impossible for Diana to maintain full-time employment while also taking care of the needs of her young children. Additionally, given her conviction and her inability to work as an occupational therapist, any job that Diana might be able to get likely would not pay enough to cover the cost of child-care.

      In light of the above, it is respectfully requested that the Court <u>modify the terms of Diana's supervised release to remove or modify standard condition number 7 to allow Diana to continue working for her brother in-law as an independent consultant on a 1099 basis</u>. It should be noted that Diana's brother in law is hoping that his new business will be successful and that he will be able to employ Diana on a more regular schedule and for more hours. It should also be noted that Diana is attempting to have her license as a physical therapist reinstated and if she is successful, she will be able to seek a better job that both pays more and provides her with sufficient flexibility to be able to provide for the needs of her children.

      Thank you in advance for your consideration of this letter.

      Respectfully submitted,

Avraham C. Moskowitz

Christopher R. Neff

cc:   AUSA David Raymond Lewis
      AUSA Stephen J. Ritchen
      AUSA Timothy V. Capozzi
      (via ECF and email)